Ryan Lee, Esq. (SBN 235879)
Nick Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd. Ste. 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION**

| | |
|---|---|
| JEREMIAH GARD, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| NCO FINANCIAL SYSTEMS, INC, | |
| Defendant. | |

**COMPLAINT**

JEREMIAH GARD (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Luka, Illinois and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

12. Defendant places collection calls to the number (618) 678-2537 seeking and demanding payment for an alleged consumer debt.

13. Defendant failed to properly identify itself when seeking and demanding payment for an alleged consumer debt.

14. Defendant contacted a third party more than once and disclosed the nature and existence of the alleged consumer debt.

15. Plaintiff provided Defendant with his credit card information as a good faith gesture that he would make payments. Defendant made unauthorized charges to said credit card.

16. Defendant failed to provide Plaintiff with a 30 day validation notice.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and failing to identify themselves.

    b. Defendant violated *§1692b(2)* of the FDCPA by contacting a third party and stating Plaintiff owes a debt.

    c. Defendant violated *§1692b(3)* of the FDCPA by contacting a third party more than once.

    d. Defendant violated *§1692c(B)* of the FDCPA by communicating with someone other than Plaintiff concerning the alleged debt.

    e. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff at a time and place known to be inconvenient.

f. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

g. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

h. Defendant violated *§1692e* of the FDCPA by using false, deceptive and misleading representation and means in connection with the debt collection.

i. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that is not intended to be taken.

j. Defendant violated *§1692e(10)* of the FDCPA by using false representation and deceptive means to collect a debt or obtain information about a consumer.

k. Defendant violated *§1692f* of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect the alleged debt.

l. Defendant violated *§1692g(a)(1-5)* of the FDCPA by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of

the original creditor, if different from the current creditor.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "A").

WHEREFORE, Plaintiff, JEREMIAH GARD, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JEREMIAH GARD, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  May 7, 2009              KROHN & MOSS, LTD.

By: /s/ Ryan Lee _
    Ryan Lee
    Attorney for Plaintiff

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF ILLINOIS

      Plaintiff, JEREMIAH GARD, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

      Pursuant to 28 U.S.C. § 1746(2), I, JEREMIAH GARD, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE:_____     _____
                                                                              JEREMIAH GARD

- 7 -

**EXHIBIT A**

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25